UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                :
MURRAY CELESTINE,               :      Civil Action
        Plaintiff,              :      No. 10-1775(NLH)
                                :
    v.                          :      OPINION
                                :
MICHAEL J. FOLEY, Jr., et al.,  :
        Defendants.             :
_____:
```

**APPEARANCES:**
GEORGE R. SZYMANSKI
LAW OFFICES OF GEORGE R. SZYMANSKI
1370 CHEWS LANDING ROAD
LAUREL SPRINGS, NJ 08021
*Attorney for Plaintiff*

TODD J. GELFAND
BARKER SCOTT & GELFAND
210 NEW ROAD
LINWOOD GREENE
SUITE 12
LINWOOD, NJ 08221
*Attorney for Michael J. Foley, Jr. and John Dick*

LINDA A. GALELLA
RICHARDSON & GALELLA
142 EMERSON STREET
SUITE B
WOODBURY, NJ 08096
*Attorney for Michael Bielski and Joseph Pierson*

**HILLMAN, District Judge**

　　　Plaintiff, Murray Celestine, alleges that Defendants,

Michael J. Foley, Jr., John Dick, Michael Bielski and Joseph

Pierson violated his federal and state civil rights.  Defendants

Foley and Dick filed a Partial-Motion to Dismiss Plaintiff's

Complaint for failure to state a claim and Defendants Bielski and

Pierson filed a Partial-Motion for Judgment on the Pleadings. For the reasons expressed below, Defendants' Partial-Motions shall be granted-in-part and denied-in-part.

I.    **JURISDICTION**

Plaintiff has alleged several violations of federal and state law pursuant to 42 U.S.C. §§ 1981, 1983, 1885, 1986 and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, as well as pursuant to New Jersey state law and the New Jersey Constitution.  This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367.

II.   **BACKGROUND**[1]

The incidents that precipitated the filing of this Complaint occurred on April 8, 2008.  On that day, Plaintiff and his girlfriend had recently concluded arguing and were sitting on the front porch of Plaintiff's home calmly talking.  Defendant Foley arrived and accompanied Plaintiff to the backyard to discuss a recent domestic violence incident between Plaintiff and his girlfriend.  Defendant Foley then frisked Plaintiff.  After the

---

[1]  Given that the present matters before the Court are Defendants' Partial-Motions to Dismiss and for Judgment on the Pleadings, the operative facts are culled from Plaintiff's Complaint, accepted as true, and considered in a light most favorable to the nonmoving party. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

frisk, Plaintiff turned to speak with Defendant Foley but Defendant Foley grabbed Plaintiff's right wrist and told him he was under arrest for domestic violence.  At this point Defendant Foley turned Plaintiff and exerted force so hard that Plaintiff's left hand snapped off the antenna of a nearby van in the backyard.  A struggle subsequently ensued.  Defendant Foley put Plaintiff in a bear hug and slammed him to the ground causing a fracture of Plaintiff's left wrist.  Defendant Foley also suffered an injury, a dislocated shoulder.  Next, Defendant Bielski came to the backyard to assist Defendant Foley. Defendant Bielski jumped on Plaintiff's back with his knee and pushed Plaintiff's head into the ground and punched him. Defendant Pierson then cuffed Plaintiff.  Defendant Dick wrote the police complaint and Plaintiff was subsequently transported to jail.

On April 7, 2010, Plaintiff commenced this suit against Defendants.  After all parties answered, Defendants Foley and Dick filed a Partial-Motion to Dismiss the Complaint on May 17, 2010.  Several weeks later, Defendants Bielski and Pierson filed a Motion for Judgment on the Pleadings.  Plaintiff opposes both Motions.

### III.  **Standard for Motion to Dismiss**[2]

When considering a motion to dismiss a complaint for failure
to state a claim upon which relief can be granted pursuant to
Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded
allegations in the complaint as true and view them in the light
most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347,
351 (3d Cir. 2005).  It is well settled that a pleading is
sufficient if it contains "a short and plain statement of the
claim showing that the pleader is entitled to relief." Fed. R.
Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is
not necessary to plead evidence, and it is not necessary to plead
all the facts that serve as a basis for the claim. Bogosian v.
Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However,
"[a]lthough the Federal Rules of Civil Procedure do not require a
claimant to set forth an intricately detailed description of the
asserted basis for relief, they do require that the pleadings
give defendant fair notice of what the plaintiff's claim is and

---

[2]  A Fed. R. Civ. P. 12(c) motion for judgment on the
pleadings may be filed after the pleadings are closed. Fed. R.
Civ. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir.
1991).  In analyzing a Fed. R. Civ. P. 12(c) motion, a court
applies the same legal standards as applicable to a motion filed
pursuant to Fed. R. Civ. P. 12(b)(6). Turbe, 938 F.2d at 428
(holding that when a Fed. R. Civ. P. 12(c) motion alleges
plaintiff's failure to state a claim upon which relief can be
granted, we analyze the motion under the same standard as a Fed.
R. Civ. P. 12(b)(6) motion to dismiss).  The Court will,
therefore, analyze both Motions under the Fed. R. Civ. P.
12(b)(6) standard.

the grounds upon which it rests." <u>Baldwin County Welcome Ctr. v.</u>
<u>Brown</u>, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation
omitted).

A district court, in weighing a motion to dismiss, asks
"'not whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claim.'"
<u>Bell Atlantic v. Twombly</u>, 127 S. Ct. 1955, 1969 n.8 (2007)
(quoting <u>Scheuer v. Rhoades</u>, 416 U.S. 232, 236 (1974)); <u>see also</u>
<u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) ("Our decision in
<u>Twombly</u> expounded the pleading standard for 'all civil actions' .
. . .”); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir.
2009) ("<u>Iqbal</u> . . . provides the final nail-in-the-coffin for the
'no set of facts' standard that applied to federal complaints
before <u>Twombly</u>.").

Following the <u>Twombly/Iqbal</u> standard, the Third Circuit has
instructed a two-part analysis in reviewing a complaint under
Rule 12(b)(6).  First, the factual and legal elements of a claim
should be separated; a district court must accept all of the
complaint's well-pleaded facts as true, but may disregard any
legal conclusions. <u>Fowler</u>, 578 F.3d at 210 (citing <u>Iqbal</u>, 129 S.
Ct. at 1950).  Second, a district court must then determine
whether the facts alleged in the complaint are sufficient to show
that the plaintiff has a "'plausible claim for relief.'"  <u>Id.</u>
(quoting <u>Iqbal</u>, 129 S. Ct. at 1950).  A complaint must do more

than allege the plaintiff's entitlement to relief. <u>Id.</u>; <u>see also</u>
<u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008)
(stating that the "Supreme Court's <u>Twombly</u> formulation of the
pleading standard can be summed up thus: 'stating . . . a claim
requires a complaint with enough factual matter (taken as true)
to suggest' the required element.  This 'does not impose a
probability requirement at the pleading stage,' but instead
'simply calls for enough facts to raise a reasonable expectation
that discovery will reveal evidence of' the necessary element").

     A court need not credit either "bald assertions" or "legal
conclusions" in a complaint when deciding a motion to dismiss.
<u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1429-30
(3d Cir. 1997).  The defendant bears the burden of showing that
no claim has been presented. <u>Hedges v. U.S.</u>, 404 F.3d 744, 750
(3d Cir. 2005) (citing <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926
F.2d 1406, 1409 (3d Cir. 1991)).

**IV.  <u>Discussion</u>**[3]

---

     [3]  Because the analysis of common law malicious prosecution,
false arrest and false imprisonment are similar to the analysis
under the Fourth Amendment, no separate assessment will be
undertaken for Plaintiff's claims under these theories arising
under New Jersey common law. *See* <u>Brunson v. Affinity Federal</u>
<u>Credit Union</u>, 972 A.2d 1112, 1119 (N.J. 2009) ("The elements of
the cause of action for malicious prosecution are well-defined:
"plaintiff must prove (1) that the criminal action was instituted
by the defendant against the plaintiff, (2) that it was actuated
by malice, (3) that there was an absence of probable cause for
the proceeding, and (4) that it was terminated favorably to the
plaintiff") (internal quotations and citations removed); *see also*
<u>Ramirez v. United States</u>, 998 F. Supp. 425, 434 (D.N.J. 1988)

A.    **Plaintiff's Federal and Common Law Malicious Prosecution Claims**

Plaintiff contends Defendants maliciously prosecuted him. To prove a § 1983 malicious prosecution claim predicated upon the Fourth Amendment, a plaintiff must show: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007).  To prevail a plaintiff must satisfy each element of malicious prosecution. Kossler v. Crisanti, 564 F.3d 181, 186 (3d Cir. 2009).  The failure to prove any of the five elements constitutes a basis to deny a malicious prosecution claim. Wilson v. New Jersey State Police, No. 04-1523, 2006 WL 2358349, * 9 (D.N.J. Aug. 15, 2006).

Plaintiff's Complaint is deficient in several ways.  With respect to Defendants Foley, Bielski and Pierson, Plaintiff failed to allege that these Defendants initiated any criminal charges against Plaintiff.  The Court will, therefore, dismiss

---

(noting that under New Jersey law false arrest is "the constraint of the person without legal justification") (quoting Fleming v. United Parcel Serv., Inc., 604 A.2d 657 (N.J. Super. Ct. Law Div. 1992)).

Plaintiff's malicious prosecution claim against those Defendants.

Plaintiff's malicious prosecution claim with respect to Defendant

Dick also fails because Plaintiff failed to plead that Defendant

Dick lacked probable cause[4] when he initiated the criminal

complaint and that the criminal proceedings terminated in

Plaintiff's favor.  In his Opposition Brief Plaintiff attempts to

cure these defects[5] or, alternatively, requests that the Court

---

[4]  Plaintiff's allegation that Defendant Dick "wrote the complaint that initiated the false criminal charges" is not equivalent to a factually sufficient allegation that Defendant Dick initiated criminal charges without probable cause.  Such an allegation fails the Twombly/Iqbal standard.  In what way were the charges false?  Is that merely a characterization meant to convey that the defendant was acquitted of those charges?  An acquittal alone is not enough to undermine probable cause nor does every falsehood associated with a criminal prosecution have that effect.  A police officer may believe a fact to be true and initiate a prosecution or arrest based upon it and only learn later the fact to be untrue.  Plaintiff must specifically plead facts sufficient to suggest that Defendant Dick initiated the proceeding without probable cause.  This complaint fails to do so.  Although an allegation of some falsehood may be relevant in determining whether a defendant lacked probable cause in initiating the charges, such allegations, even if true, do not automatically dictate that the Defendant acted without probable cause.

[5]  "It is well-settled . . . that [a party] may not amend [its pleadings] through arguments in [its] brief." Sepracor Inc. v. Teva Pharm. USA, Inc., No. 09-1302, 2010 WL 2326262, * 6 (D.N.J. June 7, 2010) (quoting Francis v. Joint Force Headquarters Nat'l Guard, No. 05-4882, 2009 WL 90396 (D.N.J. Jan. 12, 2009)); see e.g., Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 862 (D.N.J. 1992) (rejecting a plaintiff's attempt to amend her brief through her opposition brief).  If Plaintiff desired to amend his Complaint, he should have done so through Fed. R. Civ. P. 15, not his opposition brief. See Surgick v. Cirella, No. 09-3807, 2010 WL 2539418, * 4 n. 8 (D.N.J. June 15, 2010) (noting that insufficiencies in a claim are not cured by a brief, rather the "mechanism for curing pleading

permit him leave to file an Amended Complaint.  The Court will grant Plaintiff leave to file an Amended Complaint to cure the pleading defects relating to Defendant Dick.[6]

**B.  Plaintiff's Federal and Common Law False Arrest and False Imprisonment Claims**

To state a claim under § 1983 for false arrest, a plaintiff must prove he was arrested by the defendants without probable cause. <u>Dowling v. City of Philadelphia</u>, 855 F.2d 136, 141 (3d Cir. 1988).  When the police "lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." <u>Williams v. Northfield Police Dept.</u>, No. 09-6192, 2010 WL 2802229, * 4 (D.N.J. July 14, 2010) (quoting <u>Groman v. Manalapan</u>, 47 F.3d 628, 636 (3d Cir. 1995)).  Plaintiff's claim, however, is

_____

deficiencies" is to file a formal motion to amend pursuant to Fed. R. Civ. P. 15).

    [6]  If Plaintiff elects to file an Amended Complaint, he must do so within ten (10) days of entry of the Order accompanying this Opinion.  In his Amended Complaint, the Plaintiff shall include any and all details pertaining to the history of all prosecutions in this case and their final dispositions.  If Plaintiff chooses to file an Amended Complaint to properly plead a malicious prosecution claim, Plaintiff must remove all references in his Amended Complaint to the dismissed causes of action.  If Plaintiff fails to remove the aforementioned references, his Amended Complaint will be dismissed *sua sponte* for failure to comply with this Court's Order.  Furthermore, if Plaintiff amends his Complaint, he should not assume that this Court's silence with respect to the remaining elements of malicious prosecution is an indication they were or were not properly pled.

not cognizable because he fails to allege that Defendants acted without probable cause.  The Court will, therefore, dismiss Plaintiff's false arrest and false imprisonment claims against Defendants.  As requested in his Opposition Brief, the Court will permit Plaintiff leave to file an Amended Complaint to cure the pleading defects for this claim.[7]

### C.   Plaintiff's Fifth Amendment Claim

Plaintiff generally alleges that Defendants violated his Fifth Amendment rights.  The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V.  It is well settled, however, that the Fifth Amendment is inapplicable to state conduct and only restricts actions of the federal government. Diaz v. City of Hackensack, No. 06-4615, 2010 WL 1459705, * 2 (D.N.J. April 12, 2010) (quoting Myers v. County of Somerset, 515 F. Supp.2d 492, 504 (D.N.J. 2007)); GEOD Corp. v. New Jersey Transit Corp., 678 F. Supp.2d 276, 288 (D.N.J. 2009) ("[I]t is axiomatic that a plaintiff seeking relief pursuant to

---

[7]   If Plaintiff elects to file an Amended Complaint, he must do so within ten (10) days of entry of the Order accompanying this Opinion.  Furthermore, if Plaintiff chooses to file an Amended Complaint to properly plead false arrest or false imprisonment, Plaintiff must remove all references in his Amended Complaint to the dismissed causes of action.  If Plaintiff fails to remove the aforementioned references, his Amended Complaint will be dismissed sua sponte for failure to comply with this Court's Order.

10

the Fifth Amendment must complain of federal government action.")
(quoting <u>Fischer v. Driscoll</u>, 546 F. Supp. 861, 863 (E.D. Pa.
1982)).  In the current matter, Plaintiff did not allege that any
federal officials violated the Fifth Amendment.  His only
allegations relate to state actors.  Therefore, because the Fifth
Amendment is inapplicable to state conduct and no federal actors
deprived Plaintiff of any rights, Plaintiff's Fifth Amendment
claim shall be dismissed.

**D.   Plaintiff's Eighth Amendment Claim**

Plaintiff generally alleges that Defendants actions violated
the Eighth Amendment.  The Eighth Amendment prohibits cruel and
usual punishment and prevents the use of excessive force against
those convicted of crimes. <u>Diaz</u>, 2010 WL at * 3; *see* <u>Graham v.
Connor</u>, 490 U.S. 386, 395 n. 10 (1989) ("After conviction, the
Eighth Amendment 'serves as the primary source of substantive
protection . . .  in cases . . . where the deliberate use of
force is challenged as excessive and unjustified") (quoting in
part <u>Whitley v. Albers</u>, 475 U.S. 312, 327 (1986)).  The Amendment
"was designed to protect those convicted of crimes and
consequently the Clause applies only after the State has complied
with constitutional guarantees traditionally associated with
criminal prosecutions." <u>Whitley</u>, 475 U.S. at 318 (citation and
internal quotations omitted).  Therefore, the Amendment's
protections are unavailable until "after [the state] has secured

11

a formal adjudication of guilt in accordance with due process of law." City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983) (quoting Ingraham v. Wright, 430 U.S. 651, 671-672 n. 40 (1977); see Palma v. Atlantic County, 53 F. Supp.2d 743, 754 (D.N.J. 1999) ("Thus, to the extent that [Plaintiff] seeks to allege a § 1983 claim arising out of Defendants' actions prior to his conviction, [Plaintiff] fails to state a cognizable claim under the Eighth Amendment"). In the present matter, Plaintiff does not allege any constitutional violations after his conviction. Rather, all allegations of excessive force occurred when Plaintiff was a pretrial detainee. Plaintiff's claims will, therefore, be dismissed because he cannot rely upon the Eighth Amendment to allege a pre-conviction excessive force claim.[8]

**E.   Plaintiff's Substantive Due Process Claim**

Plaintiff's Fourteenth Amendment substantive due process claim is based upon Defendants alleged utilization of excessive force in effecting Plaintiff's arrest and Defendant Dick's alleged malicious prosecution of Plaintiff. Claims of malicious prosecution and excessive force, however, are most appropriately analyzed under Fourth Amendment jurisprudence. Graham, 490 U.S. at 395 ("Today we . . . hold that all claims that law enforcement

---

[8]   In his Opposition brief Plaintiff concedes he has not pled a cognizable civil rights claim based upon the Eighth Amendment.

officers have used excessive force . . . in the course of an
arrest . . . should be analyzed under the Fourth Amendment . . .
rather than under a "substantive due process" approach.  Because
the Fourth Amendment provides an explicit textual source of
constitutional protection against this sort of physically
intrusive governmental conduct, that Amendment, not the more
generalized notion of "substantive due process," must be the
guide for analyzing these claims"); Stolinski v. Pennypacker, No.
07-3174, 2008 WL 5136945, * 8 (D.N.J. Dec. 4, 2008) (stating that
a plaintiff alleging malicious prosecution cannot rely on the
"more generalized notion of substantive due process" to assert a
claim); Albright v. Oliver, 510 U.S. 266, 274-75 (1994) (holding
that "substantive due process, with its scarce and open-ended
guideposts" provides no relief for a plaintiff that claims he was
prosecuted without probable cause or maliciously prosecuted).
The Third Circuit has recently opined that "if a constitutional
claim is covered by a specific constitutional provision, such as
the Fourth . . . Amendment, the claim must be analyzed under the
standard appropriate to that specific provision, not under the
rubric of substantive due process." Belts v. New Castle Youth
Dev. Ctr., 621 F.3d 249, 260 (3d Cir. 2010) (quoting United
States v. Lanier, 520 U.S. 259, 272 n. 7 (1997)).  This "more-
specific provision" rule forecloses Plaintiff's substantive due
process claims because his Fourteenth Amendment claims are

identical to his Fourth Amendment claims. *See* Hassoun v. Cimmino,
126 F. Supp.2d 353, 364 (D.N.J. 2000) ("When a Plaintiff states a
claim under § 1983 and also alleges an identical violation
directly under the Fourteenth Amendment, the direct
constitutional claim should be dismissed"); *see also* Rogin v.
Bensalem Tp., 616 F.2d 680, 686-87 (3d Cir. 1980) ("[I]t would be
a redundant and wasteful use of judicial resources" to permit a
direct Fourteenth Amendment constitutional claim and a § 1983
claim because "the latter wholly subsume[s] the former").
Plaintiff's substantive due process claims will, therefore, be
dismissed.

### F.  Plaintiff's Fourteenth Amendment Procedural Due Process Claim

To establish a violation of procedural due process, a
plaintiff must establish that "(1) he was deprived of an
individual interest that is encompassed within the Fourteenth
Amendment's protection of life, liberty and property, and (2) the
procedures available to him did not provide him with due process
of law." Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir.
2006).  To determine whether a plaintiff properly alleged a
procedural due process claim, the court must first analyze
whether the plaintiff asserted an interest protected by the
Fourteenth Amendment.  If the court concludes such an interest
exists, it must then decide whether the state provided the

plaintiff with procedures that afforded him due process of law. Renchenski v. Williams, 622 F.3d 315, 325 (3d Cir. 2010). Plaintiff's Complaint is void of any allegations of a procedural due process claim against any of the Defendants. Plaintiff does not plead what liberty interests defendant violated, nor does he indicate what, if any, procedural safeguards were lacking. Plaintiff's procedural due process claims will, therefore, be dismissed.

### G.   Plaintiff's Fourteenth Amendment Equal Protection Claim

The Fourteenth Amendment prohibits a state from denying "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  In other words, a state must treat all similarly situated persons similarly. Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005).  To properly plead an equal protection claim, a plaintiff must prove purposeful discrimination. Id.  "In other words, [a plaintiff] must demonstrate that [he] received different treatment from that received by other individuals similarly situated." Id. Plaintiff's claim fails for several reasons.  Not only does Plaintiff not plead the existence of purposeful discrimination, but also he does not allege any facts indicating that any of the Defendants treated him differently from other individuals similarly situated.  Plaintiff's Equal Protection claim,

15

therefore, will be dismissed.[9]

**H.    Plaintiff's 42 U.S.C. § 1985(3) Conspiracy Claim and § 1986 Claim**

To establish a cause of action pursuant to 42 U.S.C. § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 828-29 (1983).  The Supreme Court has specifically opined that the element requiring intent to deprive of equal protection requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators action." Griffin v.

_____

[9]  The Court, however, will permit Plaintiff leave to file an Amended Complaint to allege an Equal Protection claim with respect to Defendant Dick.  In his amended complaint, Plaintiff shall specifically indicate how his treatment was different from the treatment received by other individuals similarly situated. Plaintiff must also specifically plead how he suffered purposeful discrimination.  If Plaintiff elects to file an amended Complaint, he must do so within ten (10) days of entry of the Order accompanying this Opinion.  Furthermore, if Plaintiff chooses to file an Amended Complaint to properly plead an Equal Protection claim, he must remove all references in his Amended Complaint to the dismissed causes of action.  If Plaintiff fails to remove the aforementioned references, his Amended Complaint will be dismissed _sua sponte_ for failure to comply with this Court's Order.

16

Breckenridge, 403 U.S. 88, 102 (1971).  Additionally, "[t]o
constitute a conspiracy [under § 1985(3)], there must be a
'meeting of the minds.'"  Estate of Oliva v. New Jersey, 579 F.
Supp.2d 643, 678 (D.N.J. 2008) (quoting Startzell v. City of
Phila., 533 F.3d 183, 205 (3d Cir. 2008)).  In the current
matter, Plaintiff does not allege any class based discriminatory
action or a "meeting of the minds" among Defendants.  This claim
will, therefore, be dismissed.

"Title 42 U.S.C. § 1986 creates a right to recover damages
'in an action on the case' brought within one year after the
cause of action has accrued against every person who has
knowledge of, and power to prevent, a § 1985 conspiracy, but
neglects or refuses to act."  Burnett v. Grattan, 468 U.S. 42, 45
n.5 (1984).  Failure to establish any cause of action under 42
U.S.C. § 1985 justifies dismissal of the 42 U.S.C. § 1986 claim.
Rogin, 616 F.2d at 696.  Accordingly, the Court will dismiss
Plaintiff's 42 U.S.C. § 1986 claim.

### I. Plaintiff's Civil Rights Excessive Force and Common Law Assault Claim with Respect to Defendant Dick

Plaintiff's civil rights excessive force and common law
assault claim with respect to Defendant Dick fails and will be
dismissed because Plaintiff never pled that Defendant Dick used
any force or struck Plaintiff in any manner.

### J. Plaintiff's New Jersey Civil Rights Claims

17

Plaintiff generally alleges that Defendants violated his rights under the New Jersey Civil Rights Act (hereinafter "NJCRA").  NJCRA was modeled after 42 U.S.C. § 1983, and creates a private cause of action for violations of civil rights secured under the New Jersey Constitution. Slinger v. New Jersey, No. 07-5561, 2008 WL 4126181, * 5-6 (D.N.J. September 4, 2008), rev'd on other grounds 366 Fed. Appx. 357 (3d Cir. 2010); Armstrong v. Sherman, No. 09-716, 2010 WL 2483911, *5 (D.N.J. June 4, 2010). NJCRA provides, in pertinent part, a private cause of action to

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

N.J.S.A. 10:6-2(c).  This district has repeatedly interpreted NJCRA analogously to § 1983. See Chapman v. New Jersey, No. 08-4130, 2009 WL 2634888, *3 (D.N.J. August 25, 2009); Slinger, 2008 WL at *5 (noting NJCRA's legislative history, this district utilized existing § 1983 jurisprudence as guidance for interpreting the statute); Armstrong, 2010 WL at *5 ("the New Jersey Civil Rights Act is a kind of analog to section 1983").

Therefore, akin to § 1983[10], the NJCRA only provides a cause of action when a New Jersey state constitutional right is allegedly violated. *See* <u>Matthew v. New Jersey Inst. of Tech.</u>, No. 09-2840, ___ F. Supp.2d ____, 2010 WL 2400061, * 3 (D.N.J. June 15, 2010) (noting that a plaintiff must allege a specific constitutional violation to establish a cause of action under NJCRA).

In his Complaint, Plaintiff failed to identify which specific New Jersey State constitutional provisions Defendants allegedly violated.[11]  The Court will, therefore, dismiss Plaintiff's claims arising under NJCRA.[12]

---

[10]   *See* <u>Baker v. McCollan</u>, 443 U.S. 137, 145 n. 3 (1979) ("It is for violations of such constitutional and statutory rights that 42 U.S.C. § 1983 authorizes redress; that section is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes").

[11]   Even if the Court inferred that Plaintiff desired to allege state constitutional violations analogous to his federal claims, the majority of Plaintiff's state constitutional claims are either redundant of his § 1983 claims and fail for the same reasons, or are inapplicable.

[12]   The Court, however, will permit Plaintiff leave to file an Amended Complaint to allege an excessive force claim under the New Jersey Constitution with respect to Defendants Foley, Bielski and Pierson.  If Plaintiff elects to file an amended Complaint alleging a violation of Article I, paragraph 7 of the New Jersey Constitution, he must do so within ten (10) days of entry of the Order accompanying this Opinion.  Furthermore, if Plaintiff chooses to file an Amended Complaint to properly plead an excessive force claim under the New Jersey Constitution, Plaintiff must remove all references in his Amended Complaint to the dismissed causes of action.  If Plaintiff fails to remove the aforementioned references, his Amended Complaint will be dismissed *sua sponte* for failure to comply with this Court's

## V.    CONCLUSION

Based on the foregoing, Defendant Dick and Foley's Partial-
Motion to Dismiss [13] and Defendant Bielski and Pierson's
Partial-Motion for Judgment on the Pleadings [14] are granted-in-
part and denied-in-part.  Defendants are entitled to dismissal
with prejudice of Plaintiff's Fifth and Eighth Amendment claims.
Defendants are also entitled to dismissal with prejudice of
Plaintiff's Fourteenth Amendment substantive and procedural due
process and 42 U.S.C. §§ 1985 and 1986 claims.  With the
exception of an excessive force claim against Defendants Foley,
Bielski and Pierson, all of Plaintiff's New Jersey State
Constitutional claims will be dismissed with prejudice.
Plaintiff's Fourth Amendment malicious prosecution, common law
malicious prosecution and Fourteenth Amendment equal protection
claims against Defendants Foley, Bielski and Pierson will be
dismissed with prejudice.  Plaintiff's civil rights excessive
force and common law assault claims with respect to Defendant
Dick will be dismissed with prejudice.

Plaintiff's Fourth Amendment malicious prosecution, false
arrest and false imprisonment and common law malicious
prosecution, false arrest and false imprisonment claims and his
Fourteenth Amendment Equal Protection claim with respect to

---

Order.

Defendant Dick will be dismissed without prejudice.  Plaintiff's Fourth Amendment false arrest and false imprisonment claims, common law false arrest and false imprisonment claims and New Jersey Constitution excessive force claims with respect to Defendants Foley, Bielski and Pierson will be dismissed without prejudice.  Plaintiff will be granted leave to file an Amended Complaint with respect to his Fourth Amendment malicious prosecution claim, common law malicious prosecution claim, Fourth Amendment false arrest and false imprisonment claims, common law false arrest and false imprisonment claims, Fourteenth Amendment equal protection claim and New Jersey Constitution excessive force claims within ten (10) days of the entry of this Order.

An appropriate Order will be entered.


Date: December 14, 2010                    s/ Noel L. Hillman
At Camden, New Jersey                  NOEL L. HILLMAN, U.S.D.J.

21